# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

PATRICK W. TOWNZEN, SR        CIVIL ACTION NO. 06-1329-LC

VS.        SECTION P

14TH JUDICIAL DISTRICT COURT        JUDGE TRIMBLE

       MAGISTRATE JUDGE WILSON

## REPORT AND RECOMMENDATION

Before the court is a petition for Writ of Mandamus (28 U.S.C. § 1361) filed in forma pauperis on August 7, 2006, by pro se petitioner Patrick Townzen. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

Townzen is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC) and is incarcerated at Calcasieu Correctional Center (CCC) in Lake Charles, Louisiana. He names the 14th Judicial District Court as his defendant herein. By this petition, Townzen seeks to have this court compel the 14th JDC "to comply with all timely required proceedings" regarding his case. [Doc. #1-1, pp. 3 & 4]. More specifically, petitioner, who apparently has charges pending against him in the 14th JDC [Doc. #1-1, pp.1 & 3] claims that he has filed motions for speedy trial in docket #'s 10022-04, 3008–6, and 3009-06 but has not received a court date. As a result, petitioner claims that his right to a speedy trial has been violated.

Petitioner's prayer for relief in this matter requests enforcement of the state's statutory obligation to try him promptly. See La. C.Cr.P. art. 701. To the extent that petitioner seeks

enforcement of La. C.Cr.P. art. 701, the jurisprudence suggests that this court may grant such relief, but only if petitioner has provided the state courts with an opportunity to rule on the issue, thereby exhausting available state remedies. *Dickerson v. Louisiana*, 816 F.2d 200, 228 (5th Cir. 1987). In order to satisfy this exhaustion requirement, the petitioner must have provided all state courts that could review the matter with a fair opportunity to review the exact same issues he urges upon the federal court. *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). The claim must have been presented to the state's highest court, even when review by that court is discretionary. *Magouirk v. Phillips*, 144 F.3d 348 (5th Cir. 1998); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). In Louisiana, the highest court is the Louisiana Supreme Court.

Based upon the allegations in the pleading and the lack of published jurisprudence, it does not appear that petitioner ever sought enforcement of his <u>statutory</u> right to a speedy trial. La. C.Cr.P. art. 701(D) provides both a right to a speedy trial and a remedy for the violation of that right. Under Louisiana's statutory scheme, non-compliance with the statutory right to a speedy trial results "in the release of the defendant without bail." La.C.Cr.P. art. 701(D)(2). Nothing before the court indicates that he has attempted to avail himself of the remedy provided by art. 701(D)(2).

Accordingly,

**IT IS RECOMMENDED** that this petition which seeks enforcement of petitioner's statutory right to a speedy trial, be **DENIED AND DISMISSED WITHOUT PREJUDICE** reserving petitioner's right to re-urge his application after he has exhausted available remedies.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties

aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, November 1, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE